UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PALACE BINGO, INC. | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO.: 6:19-CV-90 |
| | § | |
| NEW HAMPSHIRE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| *Defendant* | § | |

## NOTICE OF REMOVAL
## BY DEFENDANT NEW HAMPSHIRE INSURANCE COMPANY

Defendant New Hampshire Insurance Company ("New Hampshire") files this

Notice of Removal pursuant to 28 U.S.C. § 1446(a), as follows:

## COMMENCEMENT AND SERVICE

1.      This is a property insurance coverage dispute. On August 29, 2019, Plaintiff

Palace Bingo, Inc. ("Plaintiff" or "Palace") filed an action styled Cause No. 19-08-84919-

C; *Palace Bingo, Inc. v. New Hampshire Insurance Company*; in the 267th Judicial District

Court of Victoria County, Texas (the "State Court Lawsuit").

2.      On September 5, 2019, New Hampshire was served with citation and process

in the State Court Lawsuit. This Notice of Removal is filed within 30 days of that date,

pursuant to 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. &

Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## GROUNDS FOR REMOVAL

3.      This action is removable because there is complete diversity of citizenship between the parties and because damages alleged are in excess of $75,000.00. Accordingly, this matter is within the jurisdiction conferred by 28 U.S.C. § 1332.

4.      Copies of all pleadings, process, and orders in the State Court Lawsuit are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the State Court Lawsuit was filed in Victoria County District Court, and that court is located in a county assigned to the United States District Court for the Southern District of Texas, Victoria Division.  28 U.S.C. §124(b)(5).

6.      New Hampshire will promptly file a copy of this Notice of Removal with the clerk of the Victoria County District Court, where the State Court Lawsuit is pending.

## DIVERSITY OF CITIZENSHIP

7.      Plaintiff is a Texas Domestic For-Profit Corporation which conducts business and owns property in Victoria County, Texas.[1] Accordingly, Plaintiff is a corporation of Texas for the purposes of federal diversity jurisdiction. *Coury v. Prot,* 85 F.3d 244, 249 (5th Cir. 1996); *see Robertson v. Cease*, 97 U.S. 646, 648-650 (1878).

8.      Defendant New Hampshire is a corporation incorporated under the laws of Illinois, with its principal place of business in New York. Accordingly, New Hampshire is

---

[1] Tab 4, Plaintiff's Original Petition at ¶ 2.

a citizen of Illinois and New York for the purposes of federal diversity jurisdiction. 28

U.S.C. §1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

## AMOUNT IN CONTROVERSY

9.      Generally, the amount in controversy in a given action is determined from

the complaint itself, unless it appears that the amount stated in the complaint is not claimed

in good faith. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). When the

complaint does not include the amount of damages sought, a defendant may prove the

amount exceeds $75,000.00 by showing that it is facially apparent from the petition that

the claims are in excess thereof. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th

Cir. 1995). In this case, Plaintiff specifically alleges that it "seeks monetary relief in excess

of $200,000 …."[2] Accordingly, it is facially apparent from Plaintiff's Original Petition that

the amount in controversy exceeds $75,000.00. As such, federal diversity jurisdiction

exists, and Lexington is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and

1441.

## JURY DEMAND

10.     Plaintiff demanded a jury in the State Court Lawsuit.

---

[2] Tab 3, Plaintiff's Original Petition at ¶ 4.

CONCLUSION

11.      This action should be removed to this Court pursuant to 28 U.S.C. § 1441

inasmuch as there is complete diversity of citizenship between the parties, and the

judgment value of damages sought by Plaintiff is in excess of the jurisdictional limit.

12.      Pursuant to Local Rule 81 of the Southern District of Texas, New Hampshire

is filing with this Notice of Removal the following:

      (i)     All executed process in the case;

      (ii)    Pleadings asserting causes of action and all answers to such pleadings.

      (iii)   All orders signed by the state judge;

      (iv)   The docket sheet;

      (v)    An index of matters being filed; and

      (vi)   A list of all counsel of record, including addresses, telephone numbers, and parties represented.

WHEREFORE, New Hampshire Insurance Company respectfully requests that this

Court remove this action from the 267th Judicial District Court of Victoria County, Texas

to the United States District Court for the Southern District of Texas, Victoria Division.

Respectfully submitted,

By: */s/* *Raymond Gregory*

    Raymond L. Gregory II
    State Bar No. 08438275
    S.D. Texas Bar No. 12879
    rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY-IN-CHARGE FOR
DEFENDANT NEW HAMPSHIRE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on September 27, 2019, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via the CM/ECF System and/or any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

Sean H. McCarthy
P. Griffin Bunnell
WILLIAMS HART BOUNDAS EASTERBY LLP
8441 Gulf Freeway, Ste 600
Houston, Texas 77017
smccarthy@whlaw.com
gbunnell@whlaw.com

Andrew C. Cook
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
acc@texinsurancelaw.com

/s/ *Raymond Gregory*
Raymond L. Gregory II