Filed 8/29/2019 4:22 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. 19-08-84919-C

| | | |
|---|---|---|
| PALACE BINGO, INC. | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | VICTORIA COUNTY, TEXAS |
| NEW HAMPSHIRE INSURANCE COMPANY | § § § § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, PALACE BINGO, INC., and files this, Plaintiff's Original Petition against Defendant, NEW HAMPSHIRE INSURANCE COMPANY, and for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiff's claim, as well as and the systematic approach by New Hampshire Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore, respectfully asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

2. Plaintiff, Palace Bingo, Inc., is Texas Domestic For-Profit Corporation which conducts business and owns property in Victoria County, Texas.

3. Defendant, New Hampshire Insurance Company ("NHIC"), is a Foreign Fire and Casualty insurance company authorized and licensed to engage in the business of insurance in the State of Texas. NHIC may be served with process by serving its registered agent via certified mail, return receipt requested, c/o Corporation Service Company 211 East 7th Street Suite 620, Austin, TX 78701-3218.

### III. JURISDICTION & VENUE

4. This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states it seeks monetary relief in excess of $200,000 and less than $1,000,000.00. Plaintiff reserves the right to amend its petition during and/or after the discovery process.

5. This Court has personal jurisdiction over NHIC because NHIC is an insurance company authorized and licensed to do business in Texas and Plaintiff's causes of action arise out of NHIC's business activities in this state.

6. Venue is proper in Victoria County because the insured property is located in Victoria County and all or a substantial part of the events giving rise to this lawsuit occurred in Victoria County. TEX. CIV. PRAC. & REM. CODE § 15.032.

### IV. FACTS

7. Plaintiff owns the commercial property at 5303 Houston Highway in Victoria County, Texas (the "Property"). NHIC sold, and Plaintiff paid for, a Texas commercial property insurance policy (the "Policy") to protect and insure Plaintiff's Property, other structures, equipment, and other items applicable to the Property and its business.

8. From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation due to extreme winds up to 130 miles an hour in Victoria County and surrounding areas. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Victoria County, and Plaintiff's Property, specifically.

9. Plaintiff's Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the entire roofing system, attached canopies, exterior and interior walls, and rooftop HVAC equipment. The Property also sustained substantial interior water damage as a result of the wind damage to the exterior and roofing system, including extensive damage to multiple hand-painted murals.

10. Following Hurricane Harvey, Plaintiff promptly and timely reported its Property claim (the "Claim") with NHIC under the Policy and asked NHIC to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, replacement of rooftop HVAC systems, as well as repair of the significant interior water damage to virtually all interior surfaces and building systems.

11. Plaintiff is entitled to these benefits under the NHIC Policy as it specifically covered Plaintiff's Property for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

12. NHIC assigned an adjuster, Andrew Michael Brown, to perform the investigation and initial inspection of the Property on its behalf.

13. Mr. Brown, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiff's Claim. In doing so, Mr. Brown

either completely missed or simply ignored damages that were present at the time of his inspection and were clearly attributable to Hurricane Harvey's powerful winds.

14. The inadequacy of Mr. Brown's investigation and adjustment of Plaintiff's Claim is evidenced by the fact he neither adjusted for, nor included, the full scope of Plaintiff's cooling and central air conditioning system damage and neglected even to address, or note, multiple rooms in the Property. Evidence of wind damage to the Property exterior is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property's exterior in multiple locations and resulted directly in the substantial interior damage to the Property, which damage Mr. Brown also failed to document properly or sufficiently.

15. Although Plaintiff notified and, later, reminded NHIC numerous times of the significant widespread roof damage which caused major leaks throughout the interior of the Property, Mr. Brown failed to fully and adequately inspect the damaged areas of Plaintiff's property, including the roof, among other items and areas. Mr. Brown's failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that Mr. Brown submitted to NHIC (the "Estimate").

16. As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in Mr. Brown's investigation and adjustment—the following are just some of the unfair and unreasonable low points from his "inspection" and Estimate:

    i. Mr. Brown's Estimate greatly under-scoped the amount necessary to remove and replace nearly 10,000 square feet of water-damaged carpet, carpet padding, ceiling tile, and insulation.

    ii. Mr. Brown either missed or ignored damage to every interior fluorescent light, surveillance camera, air exchange, and ceiling fan.

    iii. Mr. Brown either missed or ignored all interior damage to multiple northernmost rooms including a storage room, office, office bathroom, and office closet.

    iv.    Mr. Brown's Estimate greatly under-scoped the amount necessary to remove and replace over 800 square feet of damaged bathroom tiles, of which Mr. Brown documented only two square feet of and allocated less than $10.00.

    v.    Mr. Brown's Estimate fails to provide any amounts for damaged interior and exterior hand-painted murals.

    vi.    Mr. Brown's Estimate greatly under-scoped the amount necessary to remove and replace the Property cooling and central air conditioning systems.

17. Not only did Mr. Brown consciously under-scope the estimate to minimize the amount of covered damage, he inexplicably withheld over 25% his already artificially low estimate total as non-recoverable depreciation.

18. Plaintiff contends that, upon information and belief, NHIC and Mr. Brown set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's Claim for covered damages. At minimum, NHIC ratified Mr. Brown's unreasonable and improper "adjustment" of the Claim, resulting in Plaintiff's Claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from NHIC's wrongful acts and omissions as set forth above and further described herein.

## V. **CAUSES OF ACTION**

### Breach of Contract against NHIC

19. An insurance policy is considered a contract under Texas law. NHIC failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, NHIC refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. NHIC's conduct constitutes a breach of the insurance contract between NHIC and Plaintiff.

## Non-Compliance by NHIC with the Texas Insurance Code, Unfair Settlement Practices

20. NHIC's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

21. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. NHIC's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating—by way of Mr. Brown's estimate— that Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using Mr. Brown's own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

22. NHIC's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

23. NHIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

24. NHIC failed to explain to Plaintiff the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, NHIC did not communicate that future settlements or payments would be forthcoming to pay for the entire

amount of Plaintiff's loss, nor did it provide any explanation for the failure to adequately settle Plaintiff's Claim. NHIC's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

25. Although promptly reported by Plaintiff to NHIC, NHIC did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, both exterior and interior. NHIC's unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by NHIC with the Texas Insurance Code, Prompt Payment of Claims Act

26. NHIC's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

27. NHIC's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

28. NHIC's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

29. NHIC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, despite the fact that at the very same time, NHIC knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of NHIC's duty of good faith and fair dealing to Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

## VI. KNOWLEDGE

30. All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiff's damages described herein.

## VII. CONDITIONS PRECEDENT

31. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Defendant waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## VIII. DAMAGES

32. Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

33. As previously mentioned, Plaintiff's covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendant's mishandling of Plaintiff's Claim in violation of the terms of the Policy at issue and of the laws set forth above.

34. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain with respect to its purchase of the Policy, which is the amount of its Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

35. For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to, and does hereby, seek recovery of three times its actual damages. TEX. INS. CODE §541.152.

36. For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

37. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from NHIC's breach of its Duty, such as additional costs, diminution in value, economic hardship, additional losses resulting from nonpayment of the amount owed, and exemplary damages

38. For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

### IX. JURY DEMAND

39. Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Victoria County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY LLP**

By: /s/ Sean H. McCarthy
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
Email: gbunnell@whlaw.com

**AND**

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
Tel. (713) 401-2890
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**